UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 - 12112 JLT

```
* * * * * * * * * * * * * * * * * * * * * * *
AMIR LASHGARI                               *     C.A. NO.:
      Plaintiff                             *
                                            *
                                            *
v.                                          *
                                            *     RECEIPT #_____
SEA HUNT, INC., TROPICLAND                  *     MAGISTRATE JUDGE_____ AMOUNT $_____
MARINE AND TACKLE, INC., and                *     SUMMONS ISSUED_____
GREGORY ZILBERMAN,                          *     LOCAL RULE 4.1_____
      Defendants                            *     WAIVER FORM_____
* * * * * * * * * * * * * * * * * * * * * * *     MCF ISSUED_____
                                                  BY DPTY. CLK_____
                                                  DATE_____
```

## COMPLAINT

### INTRODUCTION

1.    This is a personal injury action for money damages arising out of a boating incident when a boat capsized, causing Amir Lashgari, the plaintiff, to suffer painful and serious injuries.

### JURISDICTION

2.    Jurisdiction for this action is appropriate under 28 U.S.C. §1333 as an admiralty or maritime matter.

### THE PARTIES

3.    The plaintiff, **Amir Lashgari**, resides at 100 Marina Drive in Quincy, Massachusetts.

4.    Defendant **Sea Hunt Boats, Inc.** ("Sea Hunt") is a South Carolina corporation with a usual place of business at P.O. Box 1380, Lexington, South Carolina.

5. Defendant **Tropicland Marine and Tackle** ("Tropicland") is a Massachusetts corporation with a usual place of business at 100 Bridge Street, Rte. 109, Dedham, MA.

6. Defendant **Gregory Zilberman** ("Zilberman") is a Massachusetts resident who resides at 9 Dexter Street, Stoughton, Massachusetts.

## FACTUAL ALLEGATIONS

7. Defendant **Sea Hunt** is engaged in the design and manufacture of boats, and did design, manufacture, and market for sale the boat referred to as the "Navigator 22," the boat involved in this incident.

8. Defendant **Tropicland** is engaged in selling boats and boat products and sold the boat Navigator 22 to Defendant **Gregory Zilberman.**

9. On May 25, 2003, Amir Lashgari accompanied Defendant Gregory Zilberman and their mutual friend, Grigory Chizhik on **Zilberman's** Navigator 22, which departed from Weymouth, Massachusetts, to fish in Boston Harbor.

10. While fishing in Boston Harbor, the Navigator 22 capsized, throwing each of the occupants—Grigory Chizhik, **Gregory Zilberman**, and Amir Lashgari—into the fifty degree water.

11. According to Coast Guard reports, on the day the incident occurred, the sea conditions were as follows: 3-foot seas and 10-knot winds from the North-Northeast.

12. None of the three occupants on the boat were wearing life jackets.

13. As a result of the capsizing, Mr. Lashgari sustained injuries.

## COUNT I

**(Strict Liability – Defendant Sea Hunt)**

14. Paragraphs 1-13 are adopted by reference.

15. Defendant **Sea Hunt** put the Navigator 22 in the stream of commerce.

16. The Navigator 22 was and is defective and unreasonably dangerous in the following ways: it has a defective design, was defectively manufactured, **Sea Hunt** failed to warn purchasers, operators, and passengers of its risks, and failed in other respects that will be shown at trial.

17. The aforementioned defects in the Navigator 22 proximately caused the injuries to Mr. Amir Lashgari.

18. Defendant **Sea Hunt** is strictly liable for the damages to Plaintiff caused by the Navigator 22.

## REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendant in the amount of his damages.

2. For such other and further relief as this court deems appropriate.

## COUNT II

### (Negligence – Defendant Sea Hunt)

19. Paragraphs 1-18 are adopted by reference.

20. Defendant **Sea Hunt** had a duty of care in the design and manufacture of the Navigator 22, and also had a duty to warn purchasers, operators, and passengers of the Navigator 22's defects.

21. **Sea Hunt** breached that duty in numerous ways, including but not limited to the following: failing to produce a safe design for the Navigator 22's operation on coastal waters; failing to manufacture the Navigator 22 in a safe and proper way; failing to warn

purchasers, operators, and passengers of the risks of operating the Navigator 22; and in other ways to be proved at trial.

22. As a direct and proximate result of Defendant **Sea Hunt's** negligence, Mr. Lashgari sustained serious personal injuries and suffered great pain of body and mind

### REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendant for his damages and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

### COUNT III

### (Breach of Express Warranty—Defendant Sea Hunt)

23. Paragraphs 1-22 are adopted by reference.

24. Defendant **Sea Hunt** expressly warranted that the Navigator 22 was fit for use on coastal waters, and that it would provide quality, performance, and fishability in those waters.

25. Defendant **Sea Hunt** breached that warranty by providing a boat that failed to perform on coastal waters and to withstand typical and reasonably foreseeable conditions on those waters.

26. As a direct and proximate result of Defendant **Sea Hunt's** breach of warranty, Mr. Lashgari sustained serious personal injuries and suffered great pain of body and mind.

### REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant in the amount of his allowable damages.

2. For such other and further relief as this court deems appropriate.

## COUNT IV

### (Strict Liability—Defendant Tropicland Marine and Tackle)

27. Paragraphs 1-26 are adopted by reference.

28. Defendant **Tropicland** was in the chain of distribution, and sold and distributed the Navigator 22.

29. The Navigator 22 was and is a defective and unreasonably dangerous craft, for the reasons enumerated in Count I of this Complaint.

30. The aforementioned defects in the Navigator 22 proximately caused the injuries to Mr. Lashgari.

31. Defendant **Tropicland** is strictly liable for the damage to Plaintiff caused by the Navigator 22.

## REQUEST FOR RELIEF

1. Under Count IV, that this court enter judgment in favor of the plaintiff against the defendant in the amount of his damages.

2. For such other and further relief as this court deems appropriate.

## COUNT V

### (Negligence –Defendant Tropicland Marine and Tackle)

32. Paragraphs 1-31 are adopted by reference.

33. Defendant **Tropicland** had a duty of care in the distribution and sale of the Navigator 22.

34. **Tropicland** breached that duty in numerous ways, including but not limited to the

following: failing to warn purchasers, operators and passengers of the risks of operating the Navigator 22; and in other ways to be proved at trial.

39. As a direct and proximate result of Defendant **Tropicland's** negligence, Mr. Lashgari sustained serious personal injuries and suffered great pain of body and mind.

## REQUEST FOR RELIEF

1. Under Count V, that this court enters judgment in favor of the plaintiff against the defendant for his damages and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

## COUNT VI

### (Negligence – Defendant Zilberman)

40. Paragraphs 1-39 are adopted by reference.

41. Defendant **Zilberman** had a duty to use due care in the performance of his duties as owner and captain of his vessel, the Navigator 22.

42. **Zilberman** breached his duties in numerous ways, including but not limited to the following: taking the craft in dangerous waters; failing to maintain order and correct positioning of guests aboard the craft; failing to provide a lookout for oncoming danger; failing to observe wave and water conditions; failing to take corrective action when a dangerous condition arose; failing to arrange for the use of life jackets on board; failing to exercise due care, including a rescue operation; and in other ways to be proved at trial.

43. As a direct and proximate result of Defendant **Zilberman's** negligence, Mr. Lashgari sustained serious personal injuries and suffered great pain of body and mind.

## REQUEST FOR RELIEF

1. Under Count VI, that this court enter judgment in favor of the plaintiff against the defendant for his damages and such other and further damages as may be allowed by law.

2. For such other and further relief as this court deems appropriate.

**THE PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

AMIR LASHGARI,

By his attorney,

*/s/ David B Kaplan*
DAVID B. KAPLAN, BBO#258540
THE KAPLAN/BOND GROUP
88 BLACK FALCON AVENUE
SUITE 301
BOSTON, MA 02210
(617) 261-0080

Date: 10/1/04